NICOLA T. HANNA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
DAVID T. RYAN (Cal. Bar No. 295785)
DENNISE D. WILLETT (Cal. Bar No. 173491)
Assistant United States Attorneys
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4491
            (714) 338-3500
    Facsimile: (213) 894-2979
    E-mail:    david.ryan@usdoj.gov
            dennise.willett@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>            v.<br><br>PATRICK LEE SOUSA,<br><br>        Defendant. | No. ED CR 20-237-JWH-4<br><br>PLEA AGREEMENT FOR DEFENDANT<br>PATRICK LEE SOUSA |

    1.   This constitutes the plea agreement between PATRICK LEE SOUSA ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts one, two, and three of the indictment in <u>United States v. Patrick Lee Sousa</u>, CR No. ED CR 20-237-JWH-4, which charge defendant with Conspiracy in violation of 18 U.S.C. § 371 and Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Agree that all court appearances, including his change of plea hearing and sentencing hearing, may proceed by video-teleconference ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by Order of the Chief Judge 20-043 and 20-080, or another order, rule, or statute. Defendant understands that, under the United States Constitution, the United States Code, and the Federal Rules of Criminal Procedure

2

(including Rules 11, 32, and 43), he may have the right to be physically present at these hearings. Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely. Defense counsel also joins in this consent, agreement, and waiver. Specifically, this agreement includes, but is not limited to, the following:

i.   Defendant consents under Section 15002(b) of the CARES Act to proceed with his change of plea hearing by VTC or telephone, if VTC is not reasonably available.

ii.   Defendant consents under Section 15002(b) of the CARES Act to proceed with his sentencing hearing by VTC or telephone, if VTC is not reasonably available.

iii. Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing regarding alleged violations of the conditions of pretrial release by VTC or telephone, if VTC is not reasonably available.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

## NATURE OF THE OFFENSES

4.   Defendant understands that for defendant to be guilty of the crime charged in count one, that is, Conspiracy, in violation of Title 18, United States Code, Section 371, the following must be true: (1) between the dates charged in the Indictment, there was an agreement between two or more persons to commit at least one crime as charged in the Indictment; (2) defendant became a member of the conspiracy knowing of its object and intending to help accomplish it; and (3) one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

5.   Defendant understands that for defendant to be guilty of the crime charged in counts two and three, that is, Felon in Possession of a Firearm and Ammunition, in violation of Title 18, United States Code, Section 922(g)(1), the following must be true: (1) defendant knowingly possessed a firearm or ammunition; (2) the firearm or ammunition had been transported from one state to another or between a foreign nation and the United States; and (3) at the time defendant possessed the firearm or ammunition, defendant knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

## PENALTIES

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371, is: five years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 922(g)(1), is: ten years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.    Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 25 years imprisonment; a three-year period of supervised release; a fine of $750,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $300.

9.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

10.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case

may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

11.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

12.   Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the

Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Between at least July 2020 and November 2020, in Riverside County, within the Central District of California, and elsewhere, defendant conspired and agreed with others to knowingly, intentionally, and willfully engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A).  Defendant's primary role in the illegal business was to sell firearms to customers.  Between July and November 2020, the illegal business sold over 100 firearms to customers.  Of those, defendant personally sold at least 55 firearms to customers.  Defendant earned between $100 and $200 for each firearm he sold.  At no time, was defendant or any other member of the illegal firearms business licensed to engage in the business of dealing in firearms.

On October 31, 2020, in Riverside County, within the Central District of California, defendant knowingly possessed a firearm, namely, a Polymer 80 nine millimeter pistol, that bore no serial number, in and affecting interstate and foreign commerce.

On November 10, 2020, in Riverside County, within the Central District of California, defendant knowingly possessed a firearm, namely, a Rock Island Armory Model 1911 .45 caliber semi-automatic pistol bearing serial number RIA1789227, and a loaded magazine containing seven rounds of .45 caliber ammunition, in and affecting interstate and foreign commerce.

Defendant possessed the firearms and ammunition identified above knowing that he had been convicted of at least one of the following crimes, each punishable by a term of imprisonment exceeding one year: (1) Robbery, in violation of California Penal Code Section 211, in the Superior Court for the State of California, County of Orange, Case Number 14NF4702, on or about July 28, 2016; (2) Felon Carrying a Loaded Firearm, in violation of California Penal Code Sections 12031(a)(1), 12031(a)(2), 186.22(b)(1), in the Superior Court for the State of California, County of Orange, Case Number 07WF0153, on or about September 12, 2007; and (3) Grand Theft, in violation of California Penal Code Section 487(a), in the Superior Court for the State of California, County of Los Angeles, Case Number VA050811, on or about January 25, 1999.

<u>SENTENCING FACTORS</u>

13.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

14.  Except as set forth in paragraph 3(c) above, defendant and the USAO have no agreement as to the appropriate sentence or the

8

applicable Sentencing Guidelines factors.  Except as set forth in paragraph 3(c), both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history score and category, base offense level, specific offense characteristics, adjustments, departures, and variances.

15.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.  The right to persist in a plea of not guilty.

b.  The right to a speedy and public trial by jury.

c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.  The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

18.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

19.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 262 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is

within the statutory maximum; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

20.   The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 120 months, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

21.   Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

22.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

23.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of

11

defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

24. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

25. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, and (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect

defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

27.   Defendant understands that, except as set forth in an agreement entered into in a writing signed by all parties or on the record in court, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28.   The parties agree that this agreement will be considered

//

//

1   part of the record of defendant's guilty plea hearing as if the

2   entire agreement had been read into the record of the proceeding.

3   AGREED AND ACCEPTED

4   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
5   CALIFORNIA

6   NICOLA T. HANNA
    United States Attorney

7

8   _____          December 7, 2020
                                         _____
9   DAVID T. RYAN                        Date
    Assistant United States Attorney

10

11  _____          12.7.20
    PATRICK LEE SOUSA                     _____
    Defendant                            Date
12

13  _____          12-7-2020
    CARLOS JUAREZ                         _____
14  Attorney for Defendant               Date
    PATRICK LEE SOUSA

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              14

1

## CERTIFICATION OF DEFENDANT

2    I have read this agreement in its entirety.  I have had enough

3 time to review and consider this agreement, and I have carefully and

4 thoroughly discussed every part of it with my attorney.  I understand

5 the terms of this agreement, and I voluntarily agree to those terms.

6 I have discussed the evidence with my attorney, and my attorney has

7 advised me of my rights, of possible pretrial motions that might be

8 filed, of possible defenses that might be asserted either prior to or

9 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10 of relevant Sentencing Guidelines provisions, and of the consequences

11 of entering into this agreement.  Except as set forth in an agreement

12 entered into in a writing signed by all parties or on the record in

13 court, no promises, inducements, or representations of any kind have

14 been made to me other than those contained in this agreement.  No one

15 has threatened or forced me in any way to enter into this agreement.

16 I am satisfied with the representation of my attorney in this matter,

17 and I am pleading guilty because I am guilty of the charges and wish

18 to take advantage of the promises set forth in this agreement, and

19 not for any other reason.

20

21 PATRICK LEE SOUSA                    Date  12.7.20

Defendant

22

23

24

25

26

27

28

15

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am PATRICK LEE SOUSA's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: except as set forth in an agreement entered into in a writing signed by all parties or on the record in court, no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____         12-7-2020
CARLOS JUAREZ                            Date
Attorney for Defendant
PATRICK LEE SOUSA